## OLLIE JONES v. THE STATE.

### No. 9487.   Delivered November 18, 1925.

**Burglary—Accomplice Testimony—Corroboration Sufficient.**

The offense charged is burglary.   The State relied for a conviction upon the testimony of two accomplices, appellant contending that the corroboration as to a burglarious entry is not sufficient.   With this contention we cannot agree.   The corroboration of the owner of the property is suffficient to support the verdict, and the judgment is affirmed.

Appeal from the District Court of Austin County.   Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*J. E. Edmonson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

Conviction is for burglary.   The punishment is two years' confinement in the penitentiary.

The house claimed to have been burglarized belonged to one R. B. Woodley in which he kept harness used in conducting farm operations.   Some horse collars and bridles were taken at the time of the alleged burglary.   It is not claimed by appellant that he was not guilty of theft of said property, but he makes the contention that the offense of burglary was only testified to by an accomplice, and that he was not sufficiently corroborated upon this point to authorize the conviction to stand.

Joe Wilson was the admitted accomplice.   He testified that appellant and Son Madison together with witness went to Mr. Woodley's premises in a car driven by Madison; that witness and appellant left the car, telling Madison to get some water for it; that witness and appellant went on to the harness house and found the door closed and fastened with a chain with a lock through one of the links, but not locked; that appellant took the lock out of the chain, unfastened and opened the door and took the property named, and that witness and appellant then carried it to the car where Madison was waiting for

them; that under the direction of appellant Madison drove the car near the premises of one McDade; that appellant then took the property and carried it to McDade's house, leaving witness and Madison in the car. Madison corroborated the testimony of Wilson concerning the handling of the property, but was not present at the harness house and therefore could not testify whether the house was opened by appellant, as claimed by Wilson. McDade testified that he bought the property in question from appellant alone. If the accomplice, Wilson, is corroborated as to the burglarious entry of the house it is from the testimony of the owner, Woodley. The property was taken on Saturday night. The loss of it was discovered early Sunday morning when Woodley found the door of the harness house standing about half open. The lock which was used to fasten the chain was gone. In going to the lot to milk and feed Woodley passed by the harness house. On Friday and Saturday he had occasion to pass there morning and evening, and did not notice the door being open. The last time he had occasion to pass there before the Sunday morning when the loss of the property was discovered was late on Saturday evening about sundown. At this time the door was closed. Woodley said if at any time he found the door open it was his custom to close it, and that upon the occasions mentioned he did not notice the door being open. It seems to be conceded that the property which appellant sold to McDade was taken from the harness house, the only question being whether burglary was committed in obtaining possession of it. We think the testimony of Woodley sufficient to corroborate the accomplice, Wilson, upon this point, and that the evidence is not lacking upon which to permit the judgment of conviction to stand.

Some complaint is made of the charge of the court and the refusal to give certain special charges. Considering the charge as a whole we think it sufficiently protected appellant's rights in the premises.

Bill of exception number four, complaining of certain argument of the district attorney, presents no error when considered in connection with the qualification attached thereto by the court.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*